## PARTNERSHIPS—SERVICES.

[Hamilton Circuit Court, December, 1892.]

GEORGE SHUMARD v. A. L. GANO.

FAILURE TO FORM A PARTNERSHIP.

> Where A and B agree to form a partnership, and on account of B's failure to comply with his part of the contract, such partnership agreement was never consummated: *Held*, that B could not recover from A for any services rendered during the *inchoate* agreement to form a partnership, there being no agreement to pay B for such services and the law will not imply a promise to pay for them.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The judgment in this case must be reversed for the reason that the trial court erred in refusing to grant a new trial on the ground that the verdict of the jury was against the weight of the evidence.

In the first place there is not a particle of proof in the bill of exceptions that fixed any value to the services of the defendant, rendered as to claims for the plaintiff, but the jury ordered him therefor over $140. If the evidence of value was given on the trial, it was not brought into the bill of exceptions, and of course can not be considered by us.

"It is conceded by the counsel for the defendant in error, that if a partnership did exist between the parties at the time the services were rendered, that Gano has no right to recover therefor. His claim is that there was in fact no partnership, as the putting in of $500 was a condition precedent to the begining of the partnership. To say the least, it is very doubtful on the evidence whether this proposition is correct. It is clear from the statements of the parties that it was agreed that they were to become partners in the business. Gano was shortly thereafter to raise the $500, and put it into the business, and they were to be equal owners of the stock on hand and assets of the partnership and share equally in the profits, and Gano was to conduct the business and allow Shumard to carry on his trade as a painter. It was further agreed that the arrangement was to begin at once, and this was carried out, Gano taking charge of the business and advertising himself as a partner with Shumard. He did not get the $500, as he expected and Shumard gave him further time to do so, and the business went on. But at the expiration of three months Gano wholly failed to get his money and the arrangement was dropped, Gano leaving, and having given his note for goods taken by him from the store, and having received nothing for his services. There is no claim that there was any agreement to pay him for such services, at any time, and the agreement of partnership not having been fully consummated, and by his fault and failure to comply with his contract, we can not see that the law would imply a promise on the part of Shumard to do so. The judgment will be reversed and the case remanded for a new trial."

*J. T. Demar* and *C. & M. Mallon*, for plaintiff in error.

*M. F. Galvin* and *Edward Edwards* for defendant in error.